UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES,

v.  Case No. 8:23-cr-00245-KKM-SPF

DANIEL N. PULLEY,

    Defendant.
_____

**ORDER**

The government seeks a pretrial ruling that the trade inscription, reading "Manufactured in Vietnam," on a Samsung Galaxy cell phone is self-authenticating and admissible. Mot. in Limine (Doc. 80) (MIL). Pulley opposes. Resp. (Doc. 88). For the reasons below, I deny the motion.

The government seeks to introduce a sticker located inside a Samsung Galaxy smartphone—the cell phone allegedly used in the charged offenses—to establish a jurisdictional prong. *See, e.g.*, 18 U.S.C. § 2252(a)(4)(B). The sticker states, "Manufactured in Vietnam." MIL at 1. Under Federal Rule of Evidence 902, the government argues, this is self-authenticating evidence. *Id.* at 3. Assuming the evidence is hearsay, the government argues the evidence should come in under Rule

807's residual exception. *Id.* at 5-8. Pulley contends that authentication is not an issue but that the statement, "Manufactured in Vietnam," is hearsay and cannot be admitted under the residual exception. Resp. at 3-5. I agree.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *United States v. Caraballo*, 595 F.3d 1214, 1226 (11th Cir. 2010) (quoting FED. R. EVID. 801(c)). It is inadmissible unless it is not hearsay under Rule 801(d) or falls within one of the hearsay exceptions. *Id.*

The government intends on offering the sticker as evidence that the cell phone was made in Vietnam and traveled in foreign commerce to Florida. Thus, the government offers the sticker for the truth of the matter asserted—that the phone shipped through interstate or foreign commerce because it was made abroad. The government argues that the residual hearsay exception permits the statement's admission. That exception, located in Rule 807(a), allows for hearsay evidence when: "(1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and

the interests of justice." *Rivers v. United States*, 777 F.3d 1306, 1312 (11th Cir. 2015) (quoting FED. R. EVID. 807(a)). "Congress intended the residual hearsay exception to be used very rarely, and only in exceptional circumstances." *Id.* (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1279 (11th Cir. 2009)).

The government identifies no binding precedent permitting the use of the residual clause in this context and the plain text of the residual exception does not cover this kind of use. In particular, the government fails to show that the sticker is "more probative" than any other evidence it can obtain through reasonable efforts, such as testimony from an appropriate Samsung agent who would be subject to cross examination. The government's counter arguments all revolve around efficiency, but do not address why the sticker is "more probative" or why it is not reasonable to secure that kind of testimony. MIL at 7 (explaining that calling a Samsung representative would be at "considerable expense" and admitting the sticker would "save taxpayer funds"). This evidence therefore does not present the "exceptional circumstance" where the residual exception applies. *Rivers*, 777 F.3d at 1312 (quoting *United Techs. Corp.*, 556 F.3d at 1279).

Accordingly, the Motion in Limine, (Doc. 80), is **DENIED**. If the government seeks a continuance of trial, it must move no later than **July 23, 2025.**

3

**ORDERED** in Tampa, Florida, on July 21, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge